UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

EDWARD GINN,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## COMPLAINT

Plaintiff, EDWARD GINN, sues Defendant, CARNIVAL CORPORATION, and alleges:

### A. Case Summary

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line for injuries sustained when her ship allided with another ship.

### B. Basis for Jurisdiction and Venue

2. This case falls within the Court's maritime jurisdiction because:
   (a) the allision occurred on navigable waters, and
   (b) the allision bore a significant relationship to traditional maritime activity.

3. The passenger ticket the Defendant sold the Plaintiff contains a forum-selection clause requiring actions such as this to be filed in Miami in the United States District Court for the Southern District of Florida.

### C. Maritime Law

4. This case is governed by the general maritime law.

## D. One Count of Negligence

5. On or about December 20, 2019, the Plaintiff was a fare-paying passenger on the *Carnival Glory*, a cruise ship owned and operated by the Defendant.

6. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

7. At that time and place, while the *Glory* was maneuvering into the port of Cozumel, Mexico, the Defendant breached its duty of care toward the Plaintiff when its employees, while operating within the course and scope of their employment, crashed the *Glory* into another Carnival cruise ship, the *Carnival Legend*, which was tied up at dock.

8. At the time of this allision, the *Glory* was operating under its own power.

9. At the time of this allision, the *Glory* allided with a stationary object—the *Carnival Legend*.

10. A presumption exists that the crew operating the *Glory* were negligent, as "the *Oregon* Rule creates a rebuttable presumption of fault against a moving vessel that, under its own power, allides with a stationary object." *Superior Const. Co. v. Brock*, 445 F.3d 1334, 1339 (11th Cir. 2006).

11. The force of the allision jolted the Plaintiff, age 58, causing injury to her head and neck.

12. The Defendant's negligence caused the Plaintiff bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

13. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment for money damages against the Defendant.

### E. Request for Jury Trial

The Plaintiff demands a jury trial. As to those issues that are not triable by a jury, the Plaintiff respectfully requests a jury trial under Rule 39 of the Federal Rules of Civil Procedure.

Dated: November 17, 2020

Respectfully submitted,

David W. Singer (Fla. Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Fla. Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates PA
1011 South Federal Highway
Hollywood, FL 33020
T: 954-920-1571
Attorneys for Plaintiff, Edward Ginn